# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

WALTER McCULLOUGH                                                      PETITIONER

v.                              NO. 5:07CV00015 SWW/HDY

LARRY NORRIS, Director of the                                         RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

DISPOSITION

In April of 2005, a Craighead County, Arkansas, Circuit Court jury convicted petitioner Walter McCullough ("McCullough") of committing a terrorist act and first degree battery. For the offenses, he received an aggregate sentence of 960 months in the custody of respondent Larry Norris ("Norris"). McCullough subsequently appealed his convictions to the Arkansas Court of Appeals.[1]

In November of 2005, during the course of McCullough's direct appeal, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in the United States District Court for the Eastern District of Arkansas. See McCullough v. Norris, 5:05CV00328. In the petition, he attacked his April of 2005 convictions. The undersigned recommended that the petition be dismissed because McCullough had an available state remedy, i.e., his on-going direct appeal. In February of 2006, United States District Judge Susan Webber Wright adopted the undersigned's recommendation and dismissed McCullough's petition. His subsequent request for a certificate of appealability was denied by both Judge Wright and the United States Court of Appeals for the Eighth Circuit.

---

[1] McCullough maintained on appeal that "(1) there [was] insufficient evidence to support the first-degree battery conviction because of a failure of proof of 'serious physical injury,' a failure to produce the actual gun at trial, and a lack of State witnesses's credibility; and (2) [McCullough] was subjected to double jeopardy for having been convicted and punished for both battery and committing a terrorist act." See McCullough v. State, 2006WL 2879431 at 1 (Ark.App. October 11, 2006).

In March of 2006, still during the course of McCullough's direct appeal, he filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in the United States District Court for the Eastern District of Arkansas. See McCullough v. Norris, 5:06CV00052. In the petition, he again attacked his April of 2005 convictions. The undersigned again recommended that the petition be dismissed because McCullough had an available state remedy, i.e., his on-going direct appeal. In July of 2006, Judge Wright adopted the undersigned's recommendation and again dismissed McCullough's petition. His subsequent request for a certificate of appealability was denied by both Judge Wright and the United States Court of Appeals for the Eighth Circuit.

In October of 2006, the state Court of Appeals affirmed McCullough's April of 2005 convictions. The state Court of Appeals specifically found that there was "sufficient evidence that [the victim] suffered a physical injury," see McCullough v. State, 2006 WL 2879431 at 2, notwithstanding the absence of the actual firearm used in the commission of the offense and notwithstanding the questionable backgrounds plaguing several of the prosecution's witnesses. The state Court of Appeals additionally found that McCullough failed to demonstrate a "violation of his right to be free from double jeopardy." See Id.

In December of 2006, McCullough filed a state petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. The petition was denied, and he is presently appealing the denial of the petition. It appears that the record in the appeal is not due to be lodged until April of 2007.

In January of 2007, McCullough commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he attacked his April of 2005 convictions on the following grounds: (1) he is actually innocent of the offenses, (2) his trial attorney failed to provide constitutionally adequate representation, (3) McCullough's appellate attorney failed to provide constitutionally adequate representation, (4) McCullough's convictions violated his right against double jeopardy, (5) his convictions were obtained as a result of police misconduct, (6) his convictions were obtained as a result of prosecutorial misconduct, and (7) the trial judge abused his discretion.

In March of 2007, Norris filed the pending motion to dismiss. See Document 10. He maintained that McCullough's petition should be dismissed without prejudice because it contains "both exhausted and unexhausted claims." See Document 10 at 3. Norris specifically maintained that McCullough's double jeopardy claim is exhausted because it was addressed by the state Court of Appeals; his remaining claims, though, have never been addressed by the state appellate courts. Norris represented that McCullough has state remedies presently available to him for the presentation of the unexhausted claims, those being, his on-going appeal from the denial of his state petition for post-conviction relief and the possibility of filing a petition for writ of error coram nobis.[2]

---

[2] With regard to a petition for error coram nobis, Norris represented that it is "available for [McCullough's] claim that the prosecution withheld favorable evidence." See Document 11 at 2.

The undersigned briefly reviewed Norris' motion. On the basis of that review, the undersigned determined that McCullough should be notified that Norris was seeking the dismissal of the petition because it allegedly contained both exhausted and unexhausted claims. McCullough was so notified and invited to submit a response to Norris' motion to dismiss.

McCullough accepted the invitation by filing two separate responses. A brief summary of the two responses is difficult. It appears that he maintained in both submissions that he should be allowed to proceed with this proceeding and obtain federal court review of his April of 2005 convictions.

The undersigned has now had an opportunity to fully review the record in this proceeding. On the basis of that review, the undersigned makes the following recommendation with regard to McCullough's petition.

"The doctrine of exhaustion prescribes that 'as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" See Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) [quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)]. "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims many be vindicated and unfounded litigation obviated before resort to federal court." See Id. The exhaustion requirement may nevertheless be waived if "special circumstances are present." See Id.

As the undersigned noted above, McCullough was convicted of committing a terroristic act and first degree battery. He prosecuted a direct appeal of his convictions to the state Court of Appeals where he maintained that there was insufficient evidence to support his conviction of first degree battery and that he was subjected to double jeopardy. The state Court of Appeals addressed both claims in affirming his convictions.

McCullough then filed a state petition for post-conviction relief. The record in this proceeding is not clear as to the number of claims advanced by him in that submission.[3] It is clear, however, that the state trial court addressed only one claim, that being, McCullough's allegation that "his trial attorney was derelict in her duties to him by failing to uncover persuasive perjury that took place at the trial and by thwarting his efforts to establish an alibi by not calling witnesses, as he had directed her." See Document 11, Exhibit B at 1. The petition was denied, and McCullough appealed. Norris alleges that the appeal is on-going. McCullough has offered nothing to rebut Norris' representation, and the undersigned knows of none. Thus, for purposes of the Findings and Recommendation, the undersigned finds that the appeal is on-going.

---

[3]

The opinion authored by the state trial court judge reflects the following:

"On December 15, 2006, [McCullough] filed a motion pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure, alleging ineffective assistance of counsel. ... Although the motion raised nine (9) points upon which [he] believes himself to be entitled to relief, only one of them is ... appropriate for consideration in a Rule 37 motion."

See Document 11, Exhibit B at 1. It is not clear whether McCullough raised only one claim with nine sub-parts or whether he instead raised nine different claims.

Notwithstanding the fact that the appeal is on-going, McCullough commenced the proceeding at bar by filing a petition for writ of habeas corpus. Liberally construing his pro se petition, he advances seven claims in this proceeding.[4] Only one of the claims, i.e., the double jeopardy claim, has been addressed by the state appellate courts and is fully exhausted. The remaining claims have not been completely litigated through the state appellate courts and are not fully exhausted. Thus, the petition at bar contains exhausted and unexhausted claims. The question posed by Norris' motion is what should be done in light of the foregoing.

The undersigned has carefully weighed the competing concerns raised by Norris' motion. The undersigned believes the wisest course to follow is to simply dismiss this petition without prejudice and allow McCullough's on-going appeal to be resolved. As a matter of comity, the state appellate courts should be accorded the first opportunity to pass on his unexhausted claims. Although the undersigned has not had an opportunity to examine the claims raised in his state petition for post-conviction relief, it is not impossible that one or more of the claims could be resolved in his favor. Admittedly, the exhaustion requirement is capable of being waived. McCullough has not shown, however, that special circumstances exist to negate the requirement and the Court knows of none.

---

[4] Admittedly, several of the claims are supported by few, if any, facts.

In recommending the dismissal of this petition without prejudice, the undersigned acknowledges some concern as to the limitations period governing this proceeding. With regard to that issue, Norris represents the following:

> Assuming, without conceding, that [McCullough's] state post-conviction application was "properly filed" for statutory tolling purposes, see 28 U.S.C. 2244(d)(2), the time [limitation for petitions pursuant to 28 U.S.C. 2254] remains tolled throughout the appeal, which is currently pending. [Citation omitted]. Therefore, because the one-year limitation period in 28 U.S.C. 2244(d)(1) appears to be tolled, McCullough is not in danger of "forever losing [his] opportunity for … federal review of his unexhausted claims," [citation omitted], and thus, this Court need not exercise its discretion to stay his federal habeas petition and hold it in abeyance until he exhausts his claims.

See Document 11 at 2-3. Although the undersigned has no way of knowing at this juncture whether McCullough's state petition for post-conviction relief was "properly filed," Norris' representation is accepted as true for purposes of the Findings and Recommendation. Thus, assuming McCullough's petition was "properly filed," limitations should not be a concern.

In conclusion, the undersigned finds that the petition at bar contains both exhausted and unexhausted claims. It is possible that one or more of the unexhausted claims are a part of his on-going appeal. The undersigned recommends that Norris' motion to dismiss be granted and McCullough's petition be dismissed without prejudice. Judgment should be entered for Norris.

DATED this ___16___ day of April, 2007.

_____
UNITED STATES MAGISTRATE JUDGE