# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

WALTER A. McCULLOUGH                                               PETITIONER


v.                              NO. 5:07CV00015 BSM/HDY


LARRY NORRIS, Director of the                                     RESPONDENT
Arkansas Department of Correction


## FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

STATE COURT PROCEEDINGS.   The record reflects that a Craighead County, Arkansas, Circuit Court jury convicted petitioner Walter A. McCullough ("McCullough") of committing a terroristic act and first degree battery.   For the offenses, he received a sentence totaling 960 months in the custody of respondent Larry Norris ("Norris").[1] McCullough appealed his convictions to the Arkansas Court of Appeals.   On appeal, he advanced the following claims:

> (1) there [was] insufficient evidence to support the first-degree battery conviction because of a failure of proof of 'serious physical injury,' a failure to produce the actual gun at trial, and a lack of State witnesses's credibility; and (2) [he] was subjected to double jeopardy for having been convicted and punished for both battery and committing a terroristic act.

See McCullough v. State, 2006 WL 2879431 at 1 (Ark.App. 2006).   The state Court of Appeals found no reversible error and affirmed his convictions.   The state Court of Appeals specifically found that there was "sufficient evidence that [the victim] suffered a physical injury," see Id. at 2, notwithstanding the failure to produce the actual firearm and notwithstanding questions concerning witness credibility.   The state Court of Appeals additionally found no double jeopardy violation.

---

[1]

During the period following McCullough's convictions, he filed a series of state trial and appellate court motions and/or pleadings.  Save a motion for new trial and a petition for post-conviction relief, the motions and/or pleadings are not germane to this proceeding.

McCullough next filed a motion for new trial in which he raised several claims. The motion was denied by operation of law when it was not acted upon within thirteen days. He attempted to appeal the denial of the motion to the Arkansas Supreme Court, but the appeal was dismissed when he could not show good cause for failing to file a timely notice of appeal. <u>See</u> <u>McCullough v. State</u>, 2006 WL 2700051 (Ark.S.Ct. 2006).

McCullough then filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. Although he raised nine claims in the petition, only one of the claims was considered, that being, his challenge to counsel's representation. No error was found, and the petition was dismissed. <u>See</u> Document 72, Exhibit F. McCullough appealed the dismissal of his petition to the state Supreme Court. Although he filed a timely notice of appeal, he did not "lodge the record ... within the time required for an appeal ..." <u>See</u> <u>McCullough v. State</u>, 2008 WL 538492 at 1 (Ark.S.Ct. 2008). He filed a motion seeking permission to nevertheless proceed with the appeal, but the motion was denied, effectively terminating his appeal. <u>See</u> <u>McCullough v. State</u>, 2008 WL 538493 (Ark.S.Ct. 2008).

<u>FEDERAL COURT PROCEEDINGS</u>. During the pendency of McCullough's direct appeal and his petition for post-conviction relief, he filed several federal court petitions for a writ of habeas corpus pursuant to 28 U.S.C. 2254. All of the federal court petitions were eventually dismissed, though none were "disposed of with prejudice by the district court." <u>See</u> Document 44.

With regard to the proceeding at bar, it was dismissed in May of 2007 because it appeared that one or more of the claims contained in McCullough's initial petition were a part of his then on-going efforts in state court.   That dismissal was subsequently affirmed by the United States Court of Appeals for the Eighth Circuit.  See Document 38.

In February of 2008, McCullough filed a renewed amended petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in this proceeding and accompanied that submission with a supporting brief and supplement.   The undersigned reviewed the record and determined that the proceeding should be re-opened.   It was unclear, however, whether his renewed amended petition incorporated all of his claims.  For that reason, he was ordered to file either a second amended petition containing all of his claims or, if his renewed amended petition was an exhaustive and complete recital of his claims, a declaration that his renewed amended petition contained all of his claims.

McCullough submitted a declaration in which he represented that his renewed amended petition was an exhaustive and complete recital of all of his claims.   In light of that representation, Norris was served with McCullough's renewed amended petition, supporting brief, and supplement.

Norris filed a response to the submissions.   In the response, he maintained that the petition should be dismissed because McCullough's claims "do not meet the heightened pleading requirements of ... [28 U.S.C. 2254], or, alternatively, are time-barred, procedurally defaulted, and lacking substantive merit."  See Document 66 at 10.

-5-

The undersigned briefly reviewed Norris' response.  Following that review, the undersigned determined that McCullough should be notified of Norris' assertions and invited to submit a reply.  McCullough was so notified and invited to submit a reply.

McCullough accepted the invitation by filing a reply.  A brief summary of his reply is extremely difficult.  It appears that he has attempted to offer an explanation why his claims should be considered.

THE CLAIMS AT BAR.  Having now fully reviewed the record in this proceeding, the undersigned confesses some difficulty in identifying McCullough's claims.  Given that difficulty, the undersigned begins an analysis of this proceeding by addressing the issue of procedural default, which will winnow McCullough's claims to those he properly raised in state court or to those he can show cause and prejudice for failing to raise.

PROCEDURAL DEFAULT.  In Wainwright v. Sykes, 433 U.S. 72 (1977), the United States Supreme Court determined that a federal court should not consider the merits of a petitioner's habeas corpus claim if he procedurally defaulted in litigating the claim in state court, that is, if he was aware of the claim but failed to present it to the state courts in accordance with the procedural rules established by the state.  The foregoing includes the requirement that a petitioner must prosecute an appeal of any adverse ruling to the highest court in the state.  See O'Rourke v. Endell, 153 F.3d 560 (8th Cir. 1998); Williamson v. Jones, 936 F.2d 1000 (8th Cir. 1991).  The exception to this rule permits the claim to be considered if he can show cause and prejudice.

McCullough advanced the following two claims in the direct appeal of his convictions: (1) a challenge to the sufficiency of the evidence supporting his conviction of first degree battery, and (2) a double jeopardy claim.  The state Court of Appeals considered but rejected the claims on the merits.

McCullough advanced an indeterminate number of claims in his motion for new trial.  The motion was denied by operation of law.  He attempted to appeal the denial of the motion to the state Supreme Court, but the appeal was dismissed when he could not show good cause for failing to file a timely notice of appeal.

McCullough advanced nine claims in his petition for post-conviction relief, only one of which was considered.  No error was found, and the petition was dismissed.  He appealed the denial of his petition to the state Supreme Court.  Although he filed a timely notice of appeal, he failed to lodge the record within the time required for an appeal.  He filed a motion seeking permission to nevertheless proceed with the appeal, but the motion was denied, effectively terminating his appeal.

The application of a state procedural rule may prevent federal court consideration of a petitioner's claim.  In order to do so, the rule must have been firmly established, regularly followed, and readily ascertainable when it was applied to him.  See Malone v. Vasquez, 138 F.3d 711 (8th Cir.), cert. denied, 525 U.S. 953 (1998).  See also Echols v. Kemna, 511 F.3d 783, 785-786 (8th Cir. 2007) (rule must be strictly or regularly followed and applied evenhandedly to all similar claims).

The state procedural rules at issue in this proceeding involve the following: (1) the circumstances that will excuse an untimely notice of appeal, and (2) who bears the responsibility for lodging the record on appeal.  The state Supreme Court has been clear with regard to both rules: (1) only good cause will excuse the failure to file a timely notice of appeal, and (2) the responsibility for lodging the record on appeal rests solely with the petitioner.  There is little doubt, and McCullough cannot seriously dispute, that those rules were firmly established, regularly followed, and readily ascertainable when they were applied to him in the context of his appeals from the denial of his motion for new trial and the denial of his petition for post-conviction relief.

On the basis of the foregoing, the Court finds that McCullough did not properly raise the various claims contained in his motion for new trial and petition for post-conviction relief.  He did not do so because he violated state procedural rules requiring good cause for failing to file a timely notice of appeal and the timely submission of the record on appeal.  Thus, McCullough procedurally defaulted in litigating those claims. The only question is whether he can show cause and prejudice for his default.[2]

---

[2]

　　　With respect to cause, the United States Supreme Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause."  See Smith v. Murray, 477 U.S. 527, 533-34 (1986).  One can discern from other decisions, though, instances in which cause might be found; those instance include the following: where some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rules, see Murray v. Carrier, 477 U.S. 478 (1986); where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, see Reed v. Ross, 468 U.S. 1 (1984); or, if effective assistance of counsel was not afforded, see Murray v. Carrier, 477 U.S. at 488.  There is also one extraordinary circumstance where a federal court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  See Id. at 496.

Liberally construing McCullough's pro se submissions, he appears to allege as cause that an objective factor external to the defense impeded his efforts to comply with the state's procedural rules.  He specifically appears to allege that the Craighead County, Arkansas, Circuit Court Clerk or someone with the Craighead County, Arkansas, Circuit Court was responsible for filing a timely notice of appeal and for filing the record on appeal.  As was noted above, though, the state Supreme Court has been clear with regard to both rules: the responsibility for those actions rests solely with the petitioner. Because McCullough bore those responsibilities, they are not external matters.  Thus, there is no merit to this assertion of cause.

Liberally construing McCullough's pro se submissions, he appears to allege as cause that he failed to receive the effective assistance of counsel.  Although ineffective assistance of counsel can serve as cause for a procedural default, the claim must first be presented to the state courts as an independent claim.  See Leggins v. Lockhart, 822 F.2d 764 (8th Cir. 1987).  The record reflects that McCullough presented a claim of ineffective assistance of counsel in the context of his petition for post-conviction relief and obtained a ruling on the claim.  He failed, however, to properly appeal the rejection of the claim to the state Supreme Court when he did not lodge the record within the time required for an appeal.  Because he never obtained an appellate court ruling on the claim, it was not properly presented to the state courts.  It cannot serve as cause for a procedural default and, thus, there is no merit to this assertion of cause.

Liberally construing McCullough's pro se submissions, he appears to allege that he is actually innocent of the offenses.  Although not true cause for a procedural default, a showing of actual innocence can serve as a "gateway" through which a petitioner can obtain federal court review of otherwise barred claims.  See Schlup v. Delo, 513 U.S. 298 (1995).  See also Watts v. Norris, 356 F.3d 937 (8th Cir. 2004).[3]  The undersigned is not convinced, however, that McCullough has made the showing required by Schlup v. Delo. There are at least two reasons for so finding.  First, he has filed several voluminous pleadings.  It is difficult to discern from those pleading what evidence is exactly his "new evidence of factual innocence."  See Niederstadt v. Nixon, 505 F.3d 832, 840 (8th Cir. 2007) (Colloton, J., concurring).  Second, he alleges that his convictions were the result of a conspiracy.  Assuming, arguendo, that the allegation is his evidence of actual innocence, the evidence does not relate to his factual innocence.  Consequently, he cannot use the Schlup v. Delo "gateway" to obtain judicial review of the claims contained in his motion for new trial and/or petition for post-conviction relief.

---

[3]

In Watts v. Norris, 356 F.3d at 941, the United States Court of Appeals for the Eighth Circuit provided the following insight into the actual innocence doctrine:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.  Schlup v. Delo, … In addition, a petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Id. … This latter showing must take into account not only the allegedly new evidence, but also the evidence that was in fact before the jury.

In conclusion, McCullough cannot show cause for his procedural default of the claims raised in his motion for new trial and petition for post-conviction relief nor can he use the Schlup v. Delo "gateway" to gain federal court review of the claims. They are procedurally barred from federal court review. The only claims not barred are his challenge to his conviction of first degree battery and his double jeopardy claim.

SUFFICIENCY OF THE EVIDENCE. McCullough maintains that the evidence was insufficient to support his conviction of first degree battery. The state Court of Appeals considered but rejected the claim on the merits, specifically finding as follows:

> … Craig Dochniak testified that he saw [McCullough] on the night of August 7, 2004, at a place called "The Hole" in Jonesboro, Arkansas. Craig said that, as he attempted to drive away, [McCullough] blocked his vehicle. [McCullough] and his girlfriend Tanya approached Craig's car, and Craig saw that [McCullough] was holding a small, silver, .22 handgun that had a white pearl handle. [McCullough] told Craig that he wanted to go back to Craig's house and "work things out." There was some suggestion that Craig owed [McCullough] money, perhaps for drugs. Tanya began striking Craig's windshield with a rock. Another person broke Craig's rear window with a chair. As Craig drove away, [McCullough] followed in his car, and they ended up at Park Place Inn. Craig said that [McCullough] exited his car, approached with a gun in his hand, and shot through the passenger window and into Craig's thigh. Craig sped away and ultimately found a police car at a gasoline station. Craig pulled in and sought assistance. More police and an ambulance were summoned to the scene. Officer Charles Toombs responded to the call for help. He observed Craig sitting in his car with a visible wound in his leg. A paramedic who treated Craig said he responded to an emergency call at approximately 1:13 a.m. on August 8, 2004, at the gas station, where he found Craig sitting in the driver's seat. Craig said he had been shot in the leg; there was no exit wound. At the hospital, [Craig] was given pain medication. An x-ray confirmed the presence of bullet fragments in Craig's thigh.

Craig said he could not walk for about a month, that it was intensely painful, and that the bullet remains in his thigh.  Craig explained that most of the difficulty with mobility had resolved but he occasionally had stiffness, sensitivity, and pain.

Bobby Liles testified that he was familiar with both [McCullough] and Craig.  Bobby confirmed that [McCullough] had admitted that he chased Craig around Jonesboro, trapped him at the Park Place Inn, and shot him in the leg through the passenger window of Craig's vehicle.  Bobby said he had bought the gun for [McCullough], which he described as a silver .22 Derringer with a pearl handle.  Bobby admitted that he (Bobby) had disposed of the handgun.

[McCullough] was charged with first-degree battery pursuant to Ark. Code Ann. 5-13-201(a)(8) …, which required proof that [McCullough] had the purpose to cause physical injury to another and caused physical injury by means of a firearm.  This statutory section does not require proof of "serious physical injury," but instead requires proof of "physical injury." [Ark. Code Ann.] 5-1-102(14) … defines "physical injury" as impairment of physical condition; infliction of substantial pain; or infliction of bruising, swelling, or a visible mark associated with physical trauma.

In this instance, there was no doubt a "physical injury."  [Craig] testified that he was shot in the thigh, that it caused pain, that it required medical treatment at the hospital, that he suffered from compromised mobility for at least a month, and that the bullet was still in his leg.  In determining whether an injury inflicts substantial pain the trier of fact must consider all of the testimony and may consider the severity of the attack and the sensitivity of the area of the body to which the injury is inflicted.  [Citation omitted].  The finder of fact is not required to set aside its common knowledge and may consider the evidence in the light of its observations and experiences in the affairs of life.  [Citation omitted]. Pain is a subjective matter.  Gilkey v. State, …  The victim in Gilkey was also shot in the leg, although the victim there was able to take the bullet out with his fingers and did not require medical attention.  We determined that this was sufficient proof of a physical injury within the meaning of the battery statute.  We hold that in the instant case, there is sufficient evidence that Craig suffered a physical injury, despite [McCullough's] argument that this injury was not "serious."

-12-

[McCullough] asserts that the witnesses, who confirmed that [McCullough] had a small handgun and admitted to shooting Craig, were not credible. Specifically, [McCullough] states that the witnesses were not law abiding citizens, and some were under the influence at the time of the events. [McCullough's] arguments are not persuasive. Any credibility issues are left to the finder of fact, not this court on appeal. [Citation omitted]. The victim here positively identified [McCullough] as the person who shot him, and the victim was able to describe with specificity what kind of gun it was. The other State's witnesses were able to confirm that [McCullough] had a gun that night, where it came from, what kind it was, and that [McCullough] admitted shooting the victim. This is more than sufficient, without having the actual firearm present, to establish that the victim was harmed by means of a firearm. We affirm this point.

McCullough v. State, 2006 WL 2879431 at 1-2.

The disposition of this claim is governed by 28 U.S.C. 2254(d), which requires a two-part inquiry. First, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.[4] Second, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

---

[4]

"A state-court decision is 'contrary to' clearly established law if 'it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result.' Brown v. Payton, ---U.S. ----, 125 S.Ct. 1432, 1438, 161 L.Ed.2d 334 (2005). A decision involves an 'unreasonable application' of clearly established law if 'the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner.' Id. at 1439; see Williams v. Taylor, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)." See Swartz v. Burger, 412 F.3d 1008, 1009-1010 (8th Cir. 2005).

Having reviewed the record in this proceeding, the undersigned is satisfied that the state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.  The state Court of Appeals admittedly did not cite <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979), the seminal United States Supreme Court decision on sufficiency of the evidence, but "[a] reasonable application of established federal law 'does not require citation of [United States Supreme Court] cases-indeed, it does not even require *awareness* of [the] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.'"  <u>Cox v. Burger</u>, 398 F.3d 1025, 1030 (8th Cir. 2005) [quotations omitted; emphasis in original].  The state Court of Appeals did, however, correctly apply the essence of <u>Jackson v. Virginia</u> to the facts of McCullough's appeal and did so in an objectively reasonable manner; neither the reasoning nor the result in his appeal contradicts <u>Jackson v. Virginia</u>.

McCullough has also not shown that the adjudication of the claim by the state Court of Appeals resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  The state Court of Appeals found that even though the actual firearm was never produced, the evidence established that "the victim was harmed by means of a firearm."  <u>See</u> <u>McCullough v. State</u>, 2006 WL 2879431 at 2.  Thus, the state Court of Appeals could find the evidence sufficient to support his conviction of first degree battery.

Given the foregoing, the undersigned finds that McCullough cannot overcome the barrier posed by 28 U.S.C. 2254(d).  This claim is therefore without merit.

DOUBLE JEOPARDY.  McCullough also maintains that his convictions of committing a terroristic act and first degree battery violated double jeopardy.  The state Court of Appeals considered but rejected the claim on the merits, specifically finding as follows:

> [McCullough] contends that being sentenced on these two crimes constitute multiple punishments for the same offense.  In Cothren v. State, …, the supreme court stated:
>
>> In Blockburger v. United States, …, the U.S. Supreme Court held that the double jeopardy bar applies in the multiple punishment context where the two offenses for which the defendant is punished cannot survive the "same-elements" test.  The same-elements test, commonly referred to as the "Blockburger" test, is as follows:
>>
>> Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.  … [A] single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.
>
> Blockburger v. United States, 284 U.S. at 304.
>
> [McCullough] argues that he cannot be punished for both crimes because they meet the same-elements test.

-15-

We first note that [McCullough] mischaracterizes the crimes with which he was charged and convicted. While he correctly states that he was convicted of first-degree battery and committing a terroristic act, he incorrectly sets forth how the crimes were charged. He states that first-degree battery required proof of purposely causing serious physical injury inflicted by means of a deadly weapon, pursuant to Ark.Code Ann. § 5-13-201(a)(1). However, [he] was charged under subsection (a)(8), which required proof of purposely causing physical injury by means of a firearm. He also states that committing a terroristic act required proof that he shot at a conveyance occupied by passengers, and that he had the purpose to cause physical injury and caused serious physical injury, making this a Class Y felony. To the contrary, [McCullough] was charged with committing a terroristic act by means of shooting at a conveyance occupied by a passenger with the purpose to cause physical injury or property damage, a Class B felony. With [his] incorrect assumptions, [his] argument about these crimes both requiring proof of a serious physical injury by means of a shooting is inapposite. Therefore, [he] has failed to demonstrate a violation of his right to be free from double jeopardy.

See McCullough v. State, 2006 WL 2879431 at 3.

This claim, governed by 28 U.S.C. 2254(d), is without merit for two reasons. First, McCullough has not shown that the decision of the state Court of Appeals was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. The state Supreme Court cited and applied the United States Supreme Court decision in Blockburger v. United States, 284 U.S. 299 (1932). There is nothing to suggest that the state Court of Appeals misapplied the teachings of Blockburger v. United States. The undersigned is satisfied that the decision of the state Supreme Court resulted in an outcome that can reasonably be justified under existing precedents.

-16-

McCullough has also not shown that the outcome reached by the state Court of Appeals resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The state Court of Appeals could find that the offenses of committing a terroristic act and first degree battery require proof of different facts.

Given the foregoing, the undersigned finds that McCullough cannot overcome the barrier posed by 28 U.S.C. 2254(d).  This claim is therefore without merit.

RECOMMENDATION.  Given the foregoing, the undersigned makes the following findings and recommendation:

(1) McCullough cannot show cause for his procedural default of the claims raised in his motion for new trial and petition for post-conviction relief nor can he use the Schlup v. Delo "gateway" to gain federal court review of the claims.  To the extent that he is seeking federal court review of any of those claims, they are procedurally barred from federal court review.  The only claims not barred are his challenge to the evidence supporting his conviction of first degree battery and his double jeopardy claim.

(2) With regard to the sufficiency of the evidence supporting McCullough's conviction of first degree battery, he cannot overcome the barrier posed by 28 U.S.C. 2254(d).  The claim is therefore without merit.

(3) With regard to McCullough's double jeopardy claim, he cannot overcome the barrier posed by 28 U.S.C. 2254(d).  The claim is also without merit.

(4) McCullough's petition should be denied, and this proceeding dismissed.

(5) Judgment should be entered for Norris.

DATED this _____21_____ day of July, 2008.


_____

UNITED STATES MAGISTRATE JUDGE