## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

WALTER A. MCCULLOUGH                                                    PETITIONER


v.                              NO. 5:07-cv-00015 BSM/PSH


WENDY KELLEY, Director of the                                          RESPONDENT
Arkansas Department of Correction


### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following proposed Findings and Recommendation have been sent to United

States District Judge Brian S. Miller. You may file written objections to all or part of this

Recommendation. If you do so, those objections must: (1) specifically explain the factual

and/or legal basis for your objection, and (2) be received by the Clerk of this Court

within fourteen (14) days of this Recommendation. By not objecting, you may waive the

right to appeal questions of fact.

-1-

FINDINGS AND RECOMMENDATION

In April of 2005, petitioner Walter A. McCullough ("McCullough") was convicted of committing a terroristic act and first degree battery and sentenced to the custody of respondent Wendy Kelley ("Kelley"). After a direct appeal and a series of collateral attacks on the conviction in state and federal court, McCullough began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. United States District Judge Susan Webber Wright dismissed the petition without prejudice, though, when it was found that the petition contained unexhausted claims.

The case at bar was re-opened after McCullough filed a renewed amended petition. After the parties filed materials in support of, and in opposition to, the petition, United States Magistrate Judge H. David Young recommended that the petition be denied. He so recommended because all but two of McCullough's claims were procedurally barred from federal court review, and the remaining claims warranted no relief. See Document 73.[1] United States District Judge Brian S. Miller adopted Judge Young's recommendation and dismissed this case with prejudice in August of 2008. See Documents 76, 77. Judge Miller thereafter denied McCullough's application for a certificate of appealability, see Document 83, and the Court of Appeals affirmed the denial of the application, see Document 94.

---

[1]

With respect to McCullough's two claims not procedurally barred from federal court review, Judge Young found that the Arkansas Court of Appeals made reasonable adjudications of the claims. Giving the adjudications due deference, Judge Young found that the claims warranted no relief.

In January of 2016, McCullough filed the pending motion for renewed amended petition. See Document 99. Although a concise summary of his motion is not easy, he appears to ask that this case be re-opened so that his claims previously rejected as procedurally barred from federal court review can now be considered. It is his position that the United States Supreme Court decisions in Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and Trevino v. Thaler, — U.S. —, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), made a change in the law and now warrant the consideration of those claims. He additionally offered new claims challenging his attorney's effectiveness.

Respondent Wendy Kelley ("Kelley") filed a response to the motion and maintained that it should be denied. She maintained that his motion is a request to file a second or successive petition, and "this Court lacks jurisdiction to consider it unless and until the Court of Appeals gives authorization to do so." See Document 104 at 1-2.[2]

The filing of a second or successive petition is governed by 28 U.S.C. 2244(b)(3)(A). It provides the following: "Before a second or successive application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The question is whether the motion at bar is a "second or successive petition" requiring McCullough to obtain authorization from the Court of Appeals to file the motion in the district court.

---

[2]

McCullough filed a reply to Kelley's response. His reply offered little additional explanation for why his renewed amended petition should be considered.

Although McCullough failed to state the basis for his motion, he appears to have filed it pursuant to Federal Rule of Civil Procedure 60(b)(6).[3] A motion pursuant to Rule 60(b)(6) can be a "second or successive petition" requiring the authorization of the Court of Appeals in the following instance:

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim on the merits." Gonzalez, 545 U.S. at 530 … "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. 2254(a) and (d)." Id. at 532 n. 4 … When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA [i.e., the Antiterrorism and Effective Death Penalty Act of 1996].

> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." Id. at 532 … Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at n. 4. This reasoning is illustrated in Gonzalez, in which the petitioner moved for relief from judgment challenging the district court's determination that his habeas petition was time barred under AEDPA. Because the motion challenged only the statute of limitations that applied to the habeas proceeding and did not assert a claim, the Supreme Court held that it was not a second or successive habeas petition. Id. at 535-36 …

See Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009).

---

[3]

Relief under Rule 60(b)(6) requires a movant to show "extraordinary circumstances" justifying the re-opening of a final judgment. See Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). "Such circumstances will rarely occur in the habeas context." See Id.

The request contained in McCullough's motion is actually two-fold. He first asserts that the previous ruling on his petition was in error, specifically, that a change in the law brought about by Martinez v. Ryan and Trevino v. Thaler now warrants the consideration of his claims previously rejected as procedurally barred from federal court review. His assertion does not advance new claims and therefore does not require authorization from the Court of Appeals. His assertion, though, warrants no relief.

In Scott v. Hobbs, 2014 WL 3700581 (E.D.Ark. 2014), United States District Judge Kristine G. Baker addressed a similar situation, namely, a petitioner maintained that Martinez v. Ryan and Trevino v. Thaler brought about a change in the law and a prior determination that the petitioner's claims were procedurally barred from federal court review should be re-considered. Judge Baker rejected the petitioner's challenge, finding the following:

> To the extent Mr. Scott challenges under Martinez and Trevino the Court's previous determination that certain of his claims of ineffective assistance were procedurally defaulted, his Rule 60(b)(6) motion is not a successive habeas petition. ... However, this Court follows the many other courts that have considered the matter and determines that the rule announced in Martinez and Trevino does not provide a basis for relief under Rule 60(b)(6).

> To warrant relief from a judgment under Rule 60(b)(6) ..., the motion must demonstrate "extraordinary circumstances." ... "Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary circumstance." ... Notably, in Gonzalez, the Supreme Court found that a change in decisional law regarding the statute of limitations under the Antiterrorism and Effective Death Penalty Act did not constitute extraordinary circumstances under Rule 60(b)(6). 545 U.S. at 536-37.

Although the Eighth Circuit has not yet addressed this issue, numerous other courts have found that the new rule on procedural default under <u>Martinez</u> and <u>Trevino</u> does not constitute extraordinary circumstances. <u>See</u> <u>Cooper v. Bell</u>, No. 1:03-CV-276, 2014 WL 1366517 at 5 (E.D.Tenn. Apr. 7, 2014) (collecting cases); <u>Ferguson v. Hobbs</u>, No. 5:11CV00267-SWW-JJV, 2013 WL 4431294 at 2 & n.2 (E.D.Ark. Aug. 16, 2013) (agreeing with "numerous other courts" that the <u>Martinez</u> rule does not constitute extraordinary grounds under Rule 60(b)(6)); <u>see</u> <u>also</u> <u>Hill v. Hobbs</u>, No. 5:13-cv-00015-JLH, slip op. at 3 (E.D. Ark. June 6, 2014) ("In view of the overwhelming authority holding that the new rule announced in <u>Martinez</u> and <u>Trevino</u> does not justify relief under Rule 60(b)(6), Hill's motion must be denied."). This Court agrees.

<u>See</u> <u>Id</u>. at 2.

Judge Baker's decision is well-reasoned and will be followed. <u>Martinez v. Ryan</u> and <u>Trevino v. Thaler</u> do not constitute extraordinary circumstances justifying relief under Rule 60(b)(6). McCullough's claims previously rejected as procedurally barred from federal court review cannot be re-considered by the district court.

What, then, of McCullough's new claims challenging his attorney's effectiveness? It is clear that the portion of his motion raising those claims is tantamount to a "second or successive petition," and the authorization of the Court of Appeals is required before that portion of his motion can be considered by the district court.[4] Because he did not obtain the authorization of the Court of Appeals before filing the motion, it should be denied without prejudice.

---

[4]

In <u>Scott v. Hobbs</u>, the petitioner also raised new claims. Judge Baker found that "… to the extent [the petitioner's] motion seeks Rule 60(b)(6) relief other than as to the Court's previous determinations as to his defaulted claims, [his] motion is denied as a successive petition that was filed without authorization from the Eighth Circuit Court of Appeals." <u>See</u> <u>Id</u>. at 2.

Given the foregoing, the undersigned recommends that McCullough's motion for renewed amended petition be denied. <u>See</u> Document 99. His claims previously rejected as procedurally barred from federal court review cannot be re-considered by the district court. The portion of his motion raising new claims challenging his attorney's effectiveness is denied without prejudice so that he can first obtain the authorization of the Court of Appeals to file the motion in the district court.

DATED this 1st day of March, 2016.


_____
UNITED STATES MAGISTRATE JUDGE